IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CRYSTAL NELSON,

     Plaintiff,

v.                            CASE NO.  4:12cv302-RH/CAS

HP ENTERPRISE SERVICES, LLC,

     Defendant.

_____/

## SCHEDULING AND MEDIATION ORDER

This order is entered upon consideration of the parties' joint scheduling report.  The attorneys should note paragraphs 9 and 10, which depart from the Local Rules.

The parties have requested a substantial extension of the discovery deadline and delay of the trial.  The joint scheduling report will be approved, except as otherwise provided in this order, but the attorneys must consult with their clients and file a notice under paragraph 1 below.  If they fail to do so, a revised scheduling order will be entered.

     IT IS ORDERED:

1. By August 30, 2012, an attorney for each party must advise the party that had there been no request for a delay, the case would have been tried during the trial period that begins on January 7, 2013.  The attorney also must consult with the party about the advantages and disadvantages of delay, including any likely additional expense to the party.  By September 6, 2012, an attorney for each party must file a notice stating either (a) that the attorney has complied with this paragraph and that the party adheres to the request that the case go forward under the delayed schedule established by this order, or (b) that the party no longer wishes to have the case proceed on the delayed schedule established by this order.

2. The trial is set for the trial period that begins on Monday, May 6, 2013.  A party with a conflict during that trial period must file a notice by August 23, 2012.

3. The discovery deadline is extended to February 11, 2013.

4. The joint scheduling report, ECF No. 6, will control the matters it addresses, except to the extent of any conflict with this order.  On matters not addressed in this order or the joint scheduling report, the Initial Scheduling Order remains in effect.

5. The number and length of depositions are limited as provided in the Federal Rules of Civil Procedure.  A party may move—with or without a

supporting memorandum—to authorize an additional deposition or to bar or limit an excessive examination.  A hearing on any such motion will be set without delay.

6.  A pleading may be amended only on a motion that is filed by the deadline set out in the joint scheduling report or a motion showing good cause for not filing the motion by that date.  And if the Federal Rules of Civil Procedure require leave of court, a pleading may be amended only with leave of court.

7.  Disclosures under Federal Rule of Civil Procedure 26 must be supplemented within a reasonable time after learning information calling for supplementation and in time to ensure the opposing party is not prejudiced by any failure to supplement immediately after the information was or with diligence should have been discovered.

8.  The deadline for filing summary-judgment motions is 21 days after the discovery deadline, but *they should be filed at the earliest appropriate time.  It is rarely necessary that such motions await the completion of all discovery.*

9.  Local Rule 56.1, which addresses summary-judgment procedures, will not apply in this case.  The following procedures will apply instead:

(a) A party who moves for summary judgment must file at the same time a memorandum of up to 25 pages and any supporting evidence not already in the record.  The memorandum must include a statement of facts generally in the form that would be appropriate in an appellate brief—not a statement of undisputed facts

in the form specified in Local Rule 56.1. A statement of facts must not be set out in a separate document.

(b) An opposing party must file within 21 days—without a three-day extension based on the manner in which the motion is served—a memorandum of up to 25 pages and any opposing evidence not already in the record. The opposing party must not file a separate document responding to the moving party's statement of facts.

(c) The moving party may file a reply memorandum of up to 10 pages. The deadline for a reply memorandum is the earlier of (a) seven days after the opposing memorandum is filed—without a three-day extension based on the manner in which the opposing memorandum is served—or (b) two days before the pretrial conference.

(d) *Each memorandum must include pinpoint citations to the record evidence supporting each factual assertion.*

(e) The page limit for a memorandum may be increased by an agreement of the parties or on a motion showing good cause, but the parties should take note: a longer memorandum is usually less persuasive, not more.

(f) A motion may be resolved against a party without a hearing at any time after the party has had an opportunity to file a memorandum and materials under this paragraph. If a motion has not been resolved and a party has filed a separate

request for a hearing, the clerk must set a hearing.  The hearing must be set for an available date at least two days after the due date for the reply memorandum.  The hearing will be conducted by telephone if, at least two days before the hearing, a party so requests.  The hearing may be combined with the pretrial conference if doing so will not delay the hearing by more than two weeks.

10.  If attorney's fees are awarded, the lodestar will be determined based only on hours for which contemporaneous time records—in the form required by Local Rule 54.1—were made and retained.  But the records must not be filed with the clerk until necessary in connection with a motion to award fees; the Local Rule 54.1 requirement to file the records with the clerk each month will not apply in this case.  An attorney must disclose to another party on request the total number of hours devoted to the case for any month by attorneys and other time keepers.

11.  Deadlines will be determined based on this order (including the joint scheduling report to the extent made applicable by this order), other applicable orders, and the governing rules.  Docket entries made by the clerk of the court are for the clerk's internal use and are not controlling.

12.  By a separate Order for Pretrial Conference to be issued later, a deadline will be set for an attorney conference leading to the filing of a pretrial stipulation and related papers.  The deadline for the attorney conference (as established by the Order for Pretrial Conference) also will be the deadline for

disclosures under Federal Rule of Civil Procedure 26(a)(3).  The deadline for objections under Federal Rule of Civil Procedure 26(a)(3) is seven days later.

13.  Any motion in limine or other pretrial motion must be served sufficiently in advance of the pretrial conference to allow consideration of the motion at or prior to the pretrial conference.

14.  The attorneys' attention is directed to the American College of Trial Lawyers Code of Pretrial Conduct and Code of Trial Conduct, which set out standards of professionalism and are available on the court's website and at http://www.actl.com/publications/index.htm.

15.  Unless the requirement for mediation is abrogated based on a motion showing good cause, the parties must mediate under the following procedures:

(a) The parties may select a mediator by agreement.  If the parties have not agreed by 21 days before the discovery deadline, the plaintiff must immediately file a notice so indicating, and I will appoint a mediator.

(b) Unless otherwise agreed, the fee of the mediator must be paid equally by the parties.  The fee must be paid in the manner determined by the mediator.

(c) The first mediation conference must begin within 14 days after the discovery deadline (and may begin at any earlier time).

(d) These people MUST attend the mediation conference unless excused in advance on a motion showing good cause:

(1) The attorney of record primarily responsible for the conduct of this case on behalf of a party.

(2) Each party. A corporation, other private organization, or state or local governmental entity or officer in his or her official capacity must attend through a representative having full authority to settle the entire case for the party without further consultation. The mediator may waive the requirement that the attending representative's full authority to settle be "without further consultation." Unless the mediator directs otherwise, the parties by agreement also may waive the requirement that the attending representative's full authority to settle be "without further consultation." Unless otherwise ordered, an Assistant United States Attorney may attend for the government.

(3) If a party is insured, a representative of the insurer having full authority to settle without further consultation. The mediator may waive the requirement that the insurer's representative's full authority to settle be "without further consultation." Unless the mediator directs otherwise, the parties by agreement also may waive the requirement that the attending insurer's representative's full authority to settle be "without further consultation."

(e) A person's failure to attend the mediation conference as required ordinarily will result in the imposition of sanctions.

(f) The parties must confer in advance on the submission of written materials to the mediator and must proceed in accordance with any agreement they reach or the instructions of the mediator.  In the absence of an agreement or instructions, no written submissions are required, but either party may submit materials, which the mediator may consider as the mediator deems appropriate.

(g) The mediator may control the procedures to be followed in mediation, may adjourn the mediation conference and set a time for reconvening, and may suspend or terminate mediation whenever the mediator believes further mediation is not likely to lead to a settlement.

(h) Everything said during mediation—other than the terms of any settlement agreement itself—will be off the record and inadmissible as settlement negotiations.  Mediation proceedings—other than any settlement agreement itself—must not be recorded electronically or by a court reporter.

(i) This referral to mediation does not extend any deadline.

(j) Any partial or complete settlement must immediately be reduced to writing in the presence of the mediator and must be signed by each party and an attorney for each party.

(k) Mediation must be completed within 28 days after the discovery deadline.  The mediator or a party must file a report within 14 days after mediation ends indicating when mediation was conducted and the outcome (that is, whether

the case was settled or impasse was declared).  If the case is settled in full, notice to the court must be immediate.

(l) An attorney for each party must, within 14 days of the date of this order, consult with the party about the advantages (including savings of costs and attorney's fees) and disadvantages of proceeding with mediation immediately rather than awaiting the deadlines set in this order.  On a party's motion, the court will consider ordering that mediation commence immediately or at a time earlier than required by this order.

SO ORDERED on August 14, 2012.

                                            s/Robert L. Hinkle
                                            United States District Judge